[NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 97-1727

 DAVID JAMES WYATT,

 Plaintiff, Appellant,

 v.

 CITY OF BOSTON, ET AL.,

 Defendants, Appellees.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Mark L. Wolf, U.S. District Judge]

 

 Before

 Torruella, Chief Judge,
 Stahl and Lynch, Circuit Judges.

 

David James Wyatt on brief pro se.
Malcolm S. Medley, Special Assistant Corporation Counsel, on
brief for appellees.

 
 March 26, 1998

 

 Per Curiam. This is an appeal from a jury verdict
in favor of defendant, the City of Boston. Plaintiff David
James Wyatt was terminated from his teaching position in the
Boston public schools and then filed a complaint under 704(a)
of Title VII in the Massachusetts district court. Plaintiff
essentially claimed that the City had retaliated against him
for filing charges with the Massachusetts Commission Against
Discrimination concerning sexual harassment. See 42 U.S.C. 
2000e-3(a). Plaintiff raises essentially two arguments on
appeal and we reject both of them.
 1. Plaintiff's first argument is that because the
City could not show that it had terminated him for a valid
reason under the collective bargaining agreement ("CBA")
between the City and the teachers, the City could not rebut the
presumption that it had acted unlawfully. For this
proposition, plaintiff relies on King v. Illinois Bell Tel.
Co., 476 F.Supp. 495 (N.D.Ill. 1978). Even assuming arguendo
that this court would follow King in the same factual setting,
King would not apply here, however, because it addresses a
different stage of the Title VII analysis from the one involved
in this case.
 Specifically, the district court in King was
concerned with whether the plaintiff could make a prima facie
case of retaliation -- i.e., whether he could show that he had
engaged in activity protected by Title VII. Because the
conduct in which the plaintiff had engaged violated the
collective bargaining agreement, the district court held that
it was not protected. Id. at 501. Here, in contrast,
plaintiff already has made a prima facie case and thus there is
no question concerning whether the activities in which he had
engaged were protected. Rather, plaintiff is focussing on the
second step in the Title VII analysis -- whether the City has
shown legitimate reasons for its actions. King simply does not
speak to the relevance of a collective bargaining agreement in
answering this question.
 Plaintiff cites no other cases in support of his
position that unless an employer can show a dismissal
accomplished within the terms of a collective bargaining
agreement, the employer has not articulated a non-
discriminatory reason for its actions. This is not surprising
because plaintiff's position does not hold water. 
Specifically, plaintiff misunderstands what constitutes
"unlawful" action under Title VII.
 Courts refer to unlawful action at the second step of
Title VII analysis. When a plaintiff has made out a prima
facie case, an inference is raised that the employer
"unlawfully discriminated against the employee." See St.
Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506 (1993) (internal
quotation marks and citation omitted; emphasis added). Hence
the requirement that the employer articulate a "legitimate,
nondiscriminatory reason" for its action. See id. at 507
(internal quotation marks and citation omitted; emphasis
added).
 As applied to this case, then, once plaintiff made a
prima facie case, the presumption arose that the City had
retaliated against him for his complaints of sexual harassment. 
The burden shifted to the City to articulate, not that its
reasons for dismissing plaintiff were within the CBA, but
rather that the reasons were non-retaliatory, whether or notthey were "CBA-valid." That the City met this burden is plain
from the evidence submitted at trial. The burden of showing
discrimination rests always on the plaintiff and he has not met
his burden.
 2. Plaintiff argues that a judgment entered in a
case he initiated in Suffolk Superior Court was conclusive,
under the doctrine of res judicata, as to the City's liability
under Title VII. However, the City states, and plaintiff does
not dispute, that the default judgment has since been removed. 
Thus, res judicata does not apply.
 For the foregoing reasons, all of the district
court's rulings were correct and we therefore affirm the
judgment of that court. Plaintiff's motion for summary
disposition is denied as moot, as is his motion for the trial
transcript to be produced at government expense.